UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
SEP 27 2006
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-544-GWU

ROBIN MILLER, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on the defendant's motion to dismiss as well as the plaintiff's motions to remand and for summary judgment.

## DISCUSSION

As noted in the defendant's Motion to Dismiss, the appeal of the claim for SSI benefits must be dismissed as there is no surviving spouse for the deceased plaintiff. See 42 U.S.C. § 1383(b)(1)(A). Testimony in the transcript (Tr. 753) as well as the Death Certificate filed in the record by the plaintiff's counsel indicate that Miller was unmarried.

1

Miller

As far as the DIB claim is concerned, Fed. R. Civ. P. 25(a) indicates that a motion for substitution must be made within 90 days after the death is suggested upon the record or the action shall be dismissed as to the deceased party. The plaintiff's counsel filed the plaintiff's Death Certificate with this Court on November 30, 2005. Not only has counsel failed to respond to the Motion to Dismiss, but has <u>neither</u> filed a Motion for Substitution nor an extension of time for doing so in the ten months. Thus, the Motion to Dismiss will be granted as to the DIB claim appeal.[1]

This the  27  day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[1] Moreover, even if the action were not properly dismissed, none of the motions to remand would prevail. The second motion to remand involves a death certificate listing multiple drug toxicity as the cause of death; since drug abuse would not be a proper subject for an award of benefits as per Publ L. No. 104-121, it could not be the proper subject of a remand for consideration of new and "material" evidence under sentence six of 42 U.S.C. § 405(g). The third motion to remand refers to records more than a year older than the Administrative Law Judge's June, 2004 decision and, hence, would not be automatically "material" to the pertinent period. The records proffered in the first motion to remand are almost as old and, even in the plaintiff's language in the motion, establish a later deterioration of her condition.

2